Tucker, P.
I concur entirely in the interpretation given by the appellant’s counsel, of the act of assembly, 1 Rev. Code, ch. 99, § 11. If, during the interval *501 between the removal of Banks in November 1821, and the recording of the deed in January 1827, a judgment had been obtained and a ft. fa. delivered to the sheriff, the deed of trust would have offered no obstacle to its levy. But the recording here having taken place anterior to the judgment, Cole 8f Sheldon had no rights which had attached upon the chattels, until the deed of trust had been resuscitated in all its force by the recording in York county in January 1827. To give to the law any other interpretation, would be in effect to give a lien to the creditors at large, where no such lien had been contracted for. If there had been no deed of trust when the debt was contracted, Banks would have beeffat liberty, notwithstanding its contraction, to sell or incumber his property to any other person: and certainly the case before us is not less strong than it would be, if, instead of recording the old deed of trust, Banlcs had executed a new one. Had he done so, it would have withdrawn the chattels from the reach of' Cole Sf Sheldon; and pari rations the revivification of the original deed must have that effect. The effect of the act of assembly was indeed, as to transactions occurring in the interval between the removal and recording, merely to give to the deed the operation of a new deed, as of the date of its record in the county to which the property may have been removed. The instruction was therefore wrong. The judgment must be reversed, and a new trial directed, in which the instruction given on the former trial must not be repeated.